NB:MEM
F. #2015R01298

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

IN THE MATTER OF AN APPLICATION
OF THE UNITED STATES OF AMERICA
FOR ORDERS AUTHORIZING THE
DISCLOSURE OF LOCATION DATA
RELATING TO A SPECIFIED WIRELESS
TELEPHONE ASSIGNED NUMBER
(407) 435-2925

- - - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:




**LONG ISLAND OFFICE**

**FILED UNDER SEAL**

AFFIDAVIT IN SUPPORT OF
APPLICATION
(Fed. R. Crim. P. 41; T. 18, U.S.C.,
§§ 2703(c)(1)(A), 3103a and 3117;
T. 28, U.S.C., § 1651(a))

MJ 15-1177

I, Special Agent James Liscinsky, being first duly sworn, hereby depose and state as follows:

1.  I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number (407) 435-2925, ("SUBJECT TELEPHONE #2"), whose wireless telephone service provider is T-Mobile (the "Service Provider"). The SUBJECT TELEPHONE is described herein and in Attachment A, and the location information to be seized is described herein and Attachment B.

2.  I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") for approximately 15 years. I am responsible for conducting and assisting in investigations into the activities of individuals and criminal groups responsible for the illegal trafficking of firearms. These investigations are conducted both in an undercover and overt capacity. I have participated in investigations involving search

warrants and arrest warrants. As a result of my training and experience, I am familiar with the techniques and methods of operation used by individuals involved in criminal activity to conceal their activities from detection by law enforcement authorities.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. Because the purpose of this affidavit is limited to demonstrating probable cause for the requested warrant, it does not set forth all of my knowledge about this matter. In addition, when I rely on statements made by others, such statements are set forth only in part and in substance unless otherwise indicated.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that a conspiracy to sell firearms without a federal firearms license, in violation of 18 United States Code Section 922(a)(1)(A), has been committed, and is being committed, by LUIS ANIBAL GARCIA ("TARGET #2") in the Eastern District of New York and elsewhere. There is also probable cause to believe that TARGET #2 has used, and is currently using, the SUBJECT TELEPHONE #2 to engage in and facilitate a conspiracy to sell firearms without a federal license. There is therefore probable cause to believe that the location information, including but not limited to E-911 Phase II data (or other precise location information) concerning SUBJECT TELEPHONE #2 (the "REQUESTED INFORMATION"),[1] as

---

[1] Such information shall, where other information is unavailable, include records reflecting the tower and antenna face ("cell site") used by the SUBJECT TELEPHONE at the start and end of any call or text message transmission. In requesting cell site information, the government does not concede that such cell site records — routinely retained by wireless carriers as business records — may only be obtained via a warrant issued on probable cause. *See In re Application*, 632 F. Supp. 2d 202 (E.D.N.Y. 2008) (authorizing prospective acquisition of cell-site records under combined authority of 18 U.S.C. 2703(d) & 3121 *et seq.*); *In re Application*, 460 F. Supp. 2d 448 (S.D.N.Y. 2006) (same).

2

described in Attachment B, will constitute evidence of these criminal violations, and will lead to the identification of other individuals who are engaged in the commission of these offenses.

## PROBABLE CAUSE

5. On July 3, 2015, at approximately 3:07 p.m., JACKIE ROSARIO (hereinafter "TARGET #1") transferred $2,300 United States Currency via MoneyGram, located at Walmart, 750 Middle Country Road, Middle Island, New York. TARGET #1 reported her contact number to Walmart as (631) 524-8121 ("SUBJECT TELEPHONE #1"). TARGET #1 further provided her address as 4 Pondview Drive, Patchogue, New York.

6. On July 3, 2015, at approximately 5:48 p.m., TARGET #2, received the above mentioned transfer of $2,300. TARGET #2 received the $2,300 from MoneyGram, located at Walmart, 2551 East Hallandale Beach Boulevard, Hallandale, Florida. TARGET #2 reported his contact number as SUBJECT TELEPHONE #2 to Walmart.

7. On July 4, 2015, TARGET #2 purchased seven semi-automatic Jimenez Arms pistols from a dealer, "Right to Bear Arms, Inc.", at a Florida gun show. These firearms all shared the same manufacturer, model and caliber. During the purchase of the firearms TARGET #2 reported to the dealer SUBJECT TELEPHONE #2 as TARGET #2's mobile telephone number. Furthermore, TARGET #2 reported to the dealer, via purchase paperwork, a residence of 1604 Gattis Drive, Orlando, Florida, 32825. Subscriber information subpoenaed for SUBJECT TELEPHONE #2 shows a billing address of 1604 Gattis Drive, Orlando, Florida, 32825.

---

[2] The information provided by the CI has proven to be reliable and has been corroborated by other sources of information, including audio recordings generated by the CI, under the direction of law enforcement officers, review of law enforcement databases to identify individuals described by the CI, and physical surveillance of the locations described by the CI.

8. On July 4, 2015, the date the firearms were sold, SUBJECT TELEPHONE #2 was in contact with (631) 627-4186 (hereinafter "SUBJECT TELEPHONE #3"). SUBJECT TELEPHONE #3 was identified as belonging to GEORGE GOLDSON (hereinafter "TARGET #3") based on Western Union records. Western Union records indicate that TARGET #3 identified 4 Pondview, Patchogue, New York, 11772 as his address.

9. A review of historical cellsite information shows that SUBJECT TELEPHONE #2 traveled from the Orlando, Florida area to Riverhead, New York from July 6, 2015 through the early morning hours of July 7, 2015. Records from Hilton Garden Inn, located at 2038 Old Country Road, Riverhead, New York, 11901 indicate that TARGET #2 checked into this hotel on July 7, 2015 at 1:11 a.m. and checked out approximately eight hours later.

10. Call detail history of SUBJECT TELEPHONE #2 shows that SUBJECT TELEPHONE #2 contacted SUBJECT TELEPHONE #1 on July 7, 2015 at 1:09 a.m. Further history reveals that on the same date SUBJECT TELEPHONE #1 contacts SUBJECT TELEPHONE #2 at 1:15 a.m. Historical cellsite information shows that on July 7, 2015 at approximately 9:50 a.m. SUBJECT TELEPHONE #2 began to travel back to Florida.

11. On July 10, 2015, the Suffolk County Police Department and Suffolk County Probation Department, executed a search order on 28 Alder Drive, Mastic Beach, New York, the residence of Steven and Jerrod Mason. Six handguns were recovered during the search, two of which were identified as the same firearms purchased by TARGET #2 on July 4, 2015.

12. The call history for SUBJECT TELEPHONE #1 and SUBJECT TELEPHONE #2 have been subpoenaed and reviewed. On July 3, 2015, at approximately 4:54 p.m., SUBJECT TELEPHONE #1 dialed (800) 926-9400, a number associated with MoneyGram.

Approximately five minutes later, at 4:59 p.m. SUBJECT TELEPHONE #1 dials SUBJECT TELEPHONE #2 and the telephones are in contact for approximately 76 seconds.

13. On September 3, 2015 Special Agents with the ATF conducted surveillance of 4 Pondview Drive, Patchogue, New York. TARGET #1 was observed exiting a 2006 Black BMW, New York License Plate "GER5508". New York State Department of Motor Vehicle records listed the registered owner as "J. Rosario-Diaz" residing at 4 Pondview Drive, Apartment 12, East Patchogue, New York, 11722".

14. On September 9, 2015, ATF agents conducted surveillance at 4 Pondview Drive, Patchogue, New York. TARGET #1 and TARGET #3 were both separately observed in front of 4 Pondview Drive.

15. On November 17, 2015 agents from ATF spoke to TARGET #2 on SUBJECT TELEPHONE #2 where TARGET #2 asked the agents to call back in 30 minutes. After approximately 50 minutes ATF agents again called TARGET #2 on SUBJECT TELEPHONE #2 and left a message on the voicemail. TARGET #2 did not call back on November 17, 2015.

16. On November 18, 2015 Agents from the ATF contacted TARGET #2 on SUBJECT TELEPHONE #2. Agents relayed to TARGET #2 that they had unsuccessfully attempted to speak with TARGET #2 at his residence of 1604 Gattis Drive, Orlando, Florida, 32825 on several occasions. TARGET #2 stated that he resided at 1604 Gattis Drive, however, he was currently in Hollywood, Florida for business. TARGET #2 stated he had sold the seven Jiminez semi-automatic handguns in September 2015 for fifty dollars each. Agents did not disclose to TARGET #2 that two of the firearms were recovered on July 10, 2015, as mentioned above.

5

17.     There is therefore probable cause to believe that the REQUESTED INFORMATION will lead to evidence regarding the activities described above. The REQUESTED INFORMATION is necessary to assist law enforcement agents in conducting surveillance, determine the locations of possible firearms, and further identify additional targets relating to the conspiracy to sell firearms without a federal firearms license.

## AUTHORIZATION REQUEST

18.     WHEREFORE, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A), it is requested that the Court issue a warrant and Order authorizing agents to obtain the REQUESTED INFORMATION for a period of 30 days. This Court has jurisdiction to issue the requested warrant and Order because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. *See* 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A). Specifically, the Court is "a district court of the United States (including a magistrate judge of such a court) . . . that — has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

19.     IT IS FURTHER REQUESTED that the Court direct the Service Provider to assist law enforcement by providing all information, facilities and technical assistance needed to ascertain the REQUESTED INFORMATION, and further direct the service provider to initiate a signal to determine the location of SUBJECT TELEPHONE #2 on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement officer serving the proposed order, and to furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider accords

6

the user(s) of SUBJECT TELEPHONE #2, for a period of 30 days. Reasonable expenses incurred pursuant to this activity will be processed for payment by the ATF.

20. IT IS FURTHER REQUESTED that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate SUBJECT TELEPHONE #2 outside of daytime hours.

21. IT IS FURTHER REQUESTED, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed or any extension thereof. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscribers or users of SUBJECT TELEPHONE #2 would seriously jeopardize the ongoing investigation, as such disclosure would give the targets of the investigation an opportunity to destroy evidence, harm or threaten victims or other witnesses, change patterns of behavior, notify confederates, and flee from and evade prosecution. Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510), or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above.

22. IT IS FURTHER REQUESTED that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application including the application and search warrant. I believe that sealing these documents is necessary because the items and information to be seized are relevant to an ongoing investigation into the criminal organizations, and not all of the targets of this investigation will be searched at this

time. Based upon my training and experience, I have learned that criminals actively search for criminal affidavits and search warrants via the internet, and disseminate them to other criminals as they deem appropriate, e.g., by posting them publicly through online forums. Therefore, premature disclosure of the contents of this affidavit and related documents will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, and notify confederates.

23. IT IS FURTHER REQUESTED that, pursuant to 18 U.S.C. § 2705(b) and for the reasons stated above, it is further requested that the Court issue an Order commanding T-Mobile not to notify any person (including the subscribers or customers of the account listed in the attached warrant) of the existence of the attached warrant until further order of the Court.

Dated: Central Islip, New York
December 9, 2015

James Liscinsky
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me this
9 day of December, 2015

THE HONORABLE GARY R. BROWN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

## ATTACHMENT A

### Property To Be Searched

1. The cellular telephone assigned call number (407) 435-2925 ( "SUBJECT TELEPHONE #2"), whose wireless service provider is T-Mobile, a company headquartered at 12920 SE 38th Street, Bellevue, Washington, 98006.

2. Information about the location of SUBJECT TELEPHONE #2 that is within the possession, custody, or control of T-Mobile.

## ATTACHMENT B
Particular Things to be Seized

All information about the location of SUBJECT TELEPHONE #2 described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of SUBJECT TELEPHONE #2" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (*i.e.*, faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile, T-Mobile is required to disclose the Location Information to the government. In addition, T-Mobile must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of SUBJECT TELEPHONE #2 on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

To the extent that the Location Information includes tangible property, wire or electronic communications (as defined in 18 U.S.C. § 2510), or stored wire or electronic information, there is reasonable necessity for the seizure. *See* 18 U.S.C. § 3103a(b)(2).